IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

MARIE MEDINA                                                                                      PLAINTIFF

v.                                          CIVIL NO. 21-cv-3066

KILOLO KIJAKAZI, Acting Commissioner                                                DEFENDANT
Social Security Administration

## MEMORANDUM OPINION

Plaintiff, Marie Medina, brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying his claims for a period of disability, disability insurance benefits ("DIB"), and supplemental security income ("SSI") benefits under Titles II and XVI of the Social Security Act (hereinafter "the Act"), 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405 (g).

Plaintiff protectively filed her applications for DIB and SSI on July 29, 2019. (Tr. 33). In her applications, Plaintiff alleged disability beginning on July 21, 2016, due to Crohn's disease, peripheral neuropathy in both feet due to burns, anxiety, and depression. (Tr. 33, 300). An administrative hearing was held via telephone on October 20, 2020, at which Plaintiff appeared with counsel and testified. (Tr. 108–146). A vocational expert ("VE") also testified. *Id*.

On December 1, 2020, the ALJ issued an unfavorable decision. (Tr. 30–47). The ALJ found that Plaintiff met the insured status requirements of the Social Security Act through September 30, 2020. (Tr. 35). She found that Plaintiff had the following severe impairments: breast cancer with double mastectomy, depression, and anxiety. (Tr. 36–38). The ALJ found Plaintiff's

1

impairments did not meet or medically equal the severity of any of the impairments listed in 20 C.F.R. Part 404. (Tr. 38–40). The ALJ found that Plaintiff retained the residual functional capacity (RFC) to perform light work as defined in 20 C.F.R. §§404.1567(b) and 416.967(b) except she could perform simple, routine, and repetitive tasks, with few variables and where little judgment is required, and where the supervision required was simple, direct, and concrete. (Tr. 40–45).

The ALJ found Plaintiff was unable to perform any of her past relevant work. (Tr. 45). With the assistance of the VE, the ALJ found Plaintiff could perform the representative occupations of small product assembler, cashier II, and sales attendant. (Tr. 46). The ALJ found Plaintiff was not disabled from July 21, 2016, through the date of her decision.  (Tr. 47). Subsequently, Plaintiff filed this action. (ECF No. 2). This case is before the undersigned pursuant to the consent of the parties. (ECF No. 4). Both parties have filed appeal briefs, and the case is now ready for decision. (ECF Nos. 11, 15, 16).

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F. 3d 576, 583 (8th Cir. 2002).  Substantial evidence is less than a preponderance, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision.  The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003).  As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001).  In other words, if after reviewing the record, it is possible to draw two inconsistent positions from the

evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

Plaintiff raises the following points on appeal: 1) whether the ALJ erred in failing to consider the combined effects of Plaintiff's severe and non-severe impairments on her RFC; and 2) whether the ALJ erred in finding the medical source statement of Brooke Brander, D.O., unpersuasive. (ECF No. 11). Defendant argues the ALJ's findings regarding Plaintiff's severe and nonsevere impairments, and their combined impact on her ability to work, were supported by substantial evidence. (ECF No. 15). Defendant argues that the ALJ properly considered Dr. Brander's opinion and properly pointed out discrepancies between treatment notes and the opinions offered in her medical source statement, including Dr. Brander's treatment notes which stated Plaintiff was able to carry out work of a light or sedentary nature. Plaintiff argues in her reply brief that Plaintiff's testimonial evidence was not sufficiently considered, and her daily activities were not inconsistent with her complaints of pain. (ECF No. 16). Plaintiff argues the persuasiveness of Dr. Brander's medical source statement was not properly evaluated, and that while the treatment notes may conflict with the medical source statement on certain dates, Dr. Brander's medical source statement took into account the variations in her symptoms over time.

The Court has reviewed the entire transcript and the parties' briefs and agrees with Defendant's assertion that this decision was supported by substantial evidence. The ALJ considered all of Plaintiff's impairments and, while several were found to be nonsevere, all of her impairments were considered in the RFC determination. The ALJ appropriately relied upon the opinion evidence from non-examining physicians and consultative examiners and provided detailed reasons for finding Dr. Brander's opinion to be unpersuasive. (Tr. 44). For the reasons stated in the ALJ's well-reasoned opinion and in the Defendant's brief, the Court finds Plaintiff's

arguments on appeal to be unpersuasive and finds the record as a whole reflects substantial evidence to support the ALJ's decision. Accordingly, the ALJ's decision is hereby summarily affirmed, and Plaintiff's Complaint is dismissed with prejudice. *See Sledge v. Astrue*, 364 Fed. Appx. 307 (8th Cir. 2010)(district court summarily affirmed the ALJ).

    IT IS SO ORDERED this 9th day of August 2022.

/s/ *Christy Comstock*
HON. CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE